# IN THE MATTER OF JOSÉ PICO & COMPANY, Bankrupts.

---

Ponce, Bankruptcy, No. 33.

Bankruptcy—Rule to Show Cause.
    1. Where a court rule requires a petition in review to be filed

---

NOTE.—As to allowance of attorneys' fees in bankruptcy cases, see note in 54 L.R.A. 826.

In the Matter of Pico & Co.

within twenty days, this practice is to be followed; but in order to give the judge fuller supervision over bankruptcy proceedings, there may arise strong cases in which the matter will be reviewed later by a rule to show cause.

Bankruptcy—Attorneys' Fees.

  2. Five per cent is a proper standard for compensation to attorneys for bringing a fund into court, whether bankruptcy or otherwise, subject to variation under particular circumstances.

Attorneys' Fees—Creditors.

  3. While a referee may make an order as to attorneys' fees at other times than at a meeting of creditors, important matters should be communicated to creditors as far as possible, so as to give them an opportunity of filing a petition of review.

Opinion filed January 18, 1915.

*Mr. E. Flores Colon* for the bankrupt.

*Mr. Harry F. Besosa* for the creditors.

HAMILTON, Judge, delivered the following opinion:

It would seem that in this case the referee in bankruptcy, on September 25, 1914, allowed to the attorney for the bankrupt a fee amounting to $350. A rule of this court requires application for review to be filed within twenty days. In the case at bar this was not done, and later an application was made for a rule on the referee to show cause why the amount allowed should not be reduced.

1. The first question that comes up naturally is that of procedure. Has the court the power to do indirectly by an order to show cause, what the petitioner failed to apply for within the period limited by the court rule?

### In the Matter of Pico & Co.

The theory of the bankruptcy law seems to be that everything shall be done expeditiously, and to that end it substitutes the referee for the judge in almost all proceedings after the adjudication and reference by the judge. Even as to them the clerk may act in the absence of the judge. After that time little remains for the district judge to do except on applications for review, upon which the matter adjudicated by the referee can be reopened in the district court proper. The judge only can punish for contempt, the judge only can remove the trustee, and the final discharge must be by the judge upon due notice. For almost all administrative purposes, therefore, the referee is the court of bankruptcy.

Nevertheless the proceeding is in the district court, and if no direct supervision is provided there would be a defect in the law. Indeed, the criticism has sometimes been made that the promptness of bankruptcy is confined to the adjudication in bankruptcy, which practically releases the bankrupt, but that there is no term set within which the creditors may reach a final determination of their claims. If this be true, the fault must lie with the referees, and if that be so, the district judge must have some reserve power of supervision. Nevertheless this should be exercised by regular rules, and only in a strong case should other action be had. The court is inclined to think that upon the allegations of the petition, such a case is now presented. The more so as the creditors in question allege that they had no information of the allowance of this fee, and on this account failed to act more promptly.

2. The referee's return to the rule to show cause states: "That the referee's order allowing $350 was because of consideration that the bankruptcy estate is worth $5,000, to wit,

In the Matter of Pico & Co.

$1,500 from the sale of the stock in trade, a mortgage for $1,100, $100 interest on the same, and about $2,300 in good accounts, a number of them secured and some collected."

On the hearing the referee stated that the estate was probably worth about $4,000, and that the fee was allowed on the theory that it would be about 10 per cent. The attorney in question stated that his services were not confined to drawing the petition and seeing to the schedules, but that he spent a great deal of time and labor trying to effect a compromise, which failed through no fault of his own.

This court has on previous occasions said that it would consider 5 per cent a proper standard for compensation to attorneys bringing a fund into court, subject, of course, to variation under particular circumstances. This was not especially said as to bankruptcy, but there would seem to be no reason to consider a voluntary bankruptcy, with its simple procedure, as calling for a larger compensation than a creditors' bill in equity, which often involves many intricate questions. The facts brought out in the return and on the hearing do not seem to the court to justify any unusual fee to the attorney for the bankrupt, and it would seem that 5 per cent upon the $4,000 would be the limit to which the court ought to go in making such allowance.

3. The law does not require that allowance of attorneys' fees be made at a meeting of creditors. This is an order which the referee can make at any time he thinks proper under all the circumstances of the case; nevertheless, it would be better if matters of importance were as far as possible communicated to creditors so that they would not be deprived of the right of having the court review the acts of the referee. This, however,

In the Matter of Pico & Co.

is not a matter in which the court would wish to lay down any rule. It is a matter for the discretion of the referee, but should that discretion be wrongly exercised, it will, as in the present case, be subject to supervision by the judge.

It is not clear that the creditors are entirely free from blame. If they had kept up with the proceedings in their case, they would have learned of this allowance before the time for review had expired. The court, therefore, will not review all the facts connected with the fee complained of, and will only revise the action of the referee so as to cut the fee down to the standard which ought ordinarily not to be exceeded. The action of the referee is therefore disapproved to the amount over $200, and $200 is fixed as the fee in this case. The parties will act accordingly.

It is so ordered.